# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07CV420-R

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **APPROXIMATELY $207,870.43 SEIZED FROM CERTIFICATES OF DEPOSIT AT FIRST CHARTER BANK AND SHELBY SAVINGS BANK,** <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on the Government's "Motion to Stay" and "Memorandum in Support . . ." (document ##18-19), both filed November 20, 2007. The Government also filed a supporting Affidavit, which was sealed by Order of this Court on November 20, 2007. On December 4, 2007, the Claimants to the Defendant property filed their ". . . Memorandum in Opposition . . ." (document #22). The Government filed its ". . . Reply . . ." (document #23) December 11, 2007.

This subject motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for the Court's consideration.

The Government seeks to stay this civil forfeiture action pursuant to 18 U.S.C. § 981(g)(1), because further proceedings at this time would interfere with a related criminal investigation. The funds in this case were seized on March 14 and 16, 2007. As confirmed by the statements in the Government's Sealed Affidavit, the related criminal investigation seeks to determine whether these funds were obtained through illegal activity.

Section 981(g)(1) provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." In addition, the statute permits the Government to submit evidence ex parte, as it has done here, "to avoid disclosing any matter that may adversely affect an ongoing criminal investigation." 18 U.S.C. § 981(g)(5).

It is apparent from the Government's Affidavit that the civil and criminal proceedings are related. To determine if the criminal investigation is related to the civil forfeiture action, "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings." 18 U.S.C. § 981(g)(4). The subject proceedings will necessarily involve overlapping parties, witnesses, and facts.

It is equally apparent from the Government's Affidavit that civil discovery will adversely impact the criminal investigation. While the Claimants' plea to the Court's equitable powers is noted in light of the inherent prejudice they face in responding to an affidavit they cannot see, the statutory language mandates a stay in this action. However, the stay will be limited to ninety (90) days, and the Government is ordered to petition the Court to lift the stay within fourteen (14) days of the completion of the corresponding criminal investigation, should it be completed sooner than ninety days as the Government suggests in its Reply brief.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The Government's "Motion to Stay" (document #18) is **GRANTED**, that is, this action is **STAYED** until **March 14, 2008**.

2. The Clerk is directed to send copies of this Order to counsel for the parties; and to the

<u>Honorable Martin K. Reidinger</u>.

**SO ORDERED.**

Signed: December 12, 2007

_Carl Horn, III_
Carl Horn, III
United States Magistrate Judge